United States District Court
Southern District of Texas
**ENTERED**
May 21, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD VINCENT LETIZIA, SPN #02880904, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4814 |
| HARRIS COUNTY SHERIFF EDWARD GONZALEZ, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Richard Vincent Letizia, also known as Richard Vincent (SPN #02880904), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement at the Harris County Jail. At the court's request Letizia has supplemented his pleadings with Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 8). Because Letizia is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Letizia was arrested as an "out of state fugitive" and placed in the Harris County Jail (the "Jail") on July 6, 2016.[1] He was released on bond, which was later revoked.[2] Letizia returned to the Jail on February 18, 2018, where he remains incarcerated pending his return to Florida, where he has been convicted and sentenced in absentia to five years' imprisonment.[3]

In his pending Complaint against Harris County Sheriff Edward Gonzalez, Letizia claims that there was "no water service" at the Jail for five days, starting on July 5, 2018, until July 10, 2018.[4] As a result, inmates were forced to defecate in plastic bags and urinate in the shower.[5] Letizia contends that the smell was "unbarable [sic]" and that conditions were "extremely unsanitary" during this time because no showers could be taken.[6] One inmate became upset or "frustrated" with the conditions and assaulted Letizia by striking him in the left eye on July 8, 2018, which

---

[1] Plaintiff's MDS, Docket Entry No. 8, p. 2.

[2] Id.

[3] Id. A summary of the charges against Letizia, who violated the terms of his felony probation and absconded, can be found in a recent appellate opinion concerning his challenge to the extradition proceedings against him in state court. See Ex parte Letizia, No. 01-16-00808-CR, 2019 WL 610719, at *1 (Tex. App. — Houston [1st Dist.] Feb. 14, 2019, pet. filed).

[4] Complaint, Docket Entry No. 1, p. 4.

[5] Id.

[6] Id. at 5.

required hospitalization and has resulted in permanently blurred vision.[7]

Letizia contends that the conditions of his confinement that he endured while the Jail was without water service for several days during July 2018 violated the Fourth, Eighth, and Fourteenth Amendments.[8] Invoking 42 U.S.C. § 1983, Letizia seeks damages in the amount of $1 million for the loss of vision in his left eye from being assaulted and the psychological distress he experienced as the result of his exposure to unsanitary conditions.[9]

## II. Discussion

### A. Supervisory Liability

The only defendant identified by Letizia is Sheriff Gonzalez, who is sued in his capacity as a supervisory official in charge of the Harris County Sheriff's Department, which operates the Jail.[10]

---

[7] Id.

[8] Id. at 3.

[9] Id. at 5.

[10] Id. at 1-2. Although Letizia also lists the "Harris County Texas Jail" as a defendant on the first page of his Complaint, neither the Harris County Sheriff's Department nor the Jail have the legal capacity to be sued as required by Fed. R. Civ. P. 17(b). See Aguirre v. Harris County Sheriff's Office, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); Lane v. Harris County Jail Medical Dep't, Civil No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); see also Potts v. Crosby Ind. Sch. Dist., 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department on the grounds that, as a "non sui juris division of Harris County," it lacked the capacity to be sued) (citing Darby v Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991)).

A public official cannot be held vicariously liable under 42 U.S.C. § 1983 for the conduct of those under their supervision. See Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 419 (5th Cir. 2017) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)). Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury. Id. In other words, to establish supervisory liability under § 1983 a plaintiff must allege either that they participated in acts that caused a constitutional deprivation or that they implemented unconstitutional policies causally related to his injuries. See Alderson, 848 F.3d at 421 (citing Mouille, 977 F.2d at 929).

Letizia does not allege facts showing that Sheriff Gonzalez was personally involved in any of the incidents referenced in his pleadings. Likewise, as discussed further below, Letizia does not allege facts establishing a claim for which relief may be granted or that he is entitled to recover damages due to the existence of a constitutionally deficient policy attributable to Sheriff Gonzalez. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Accordingly, the Complaint against Sheriff Gonzalez must be dismissed.

## B. Conditions of Confinement

Letizia cannot recover compensatory damages for psychological distress due to his temporary exposure to unsanitary conditions of

confinement. The PLRA, which governs this lawsuit, precludes an action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

The only physical injuries described by Letizia are those he suffered when he was assaulted by another inmate.[11] Because Letizia does not identify any physical injury that was caused by his exposure to unsanitary conditions at the Jail, § 1997e(e) precludes him from recovering damages for his mental and emotional distress. See Alexander v. Tippah County, Miss., 351 F.3d 626, 630-31 (5th Cir. 2003) (concluding that two inmates could not recover damages from their temporary exposure to "deplorable conditions" because the only injury alleged was nausea from the smell of raw sewage). Accordingly, Letizia's conditions-of-confinement claim must be dismissed.

## C.    Failure to Protect from Harm

Letizia contends that Sheriff Gonzalez is liable because another inmate who was frustrated about conditions at the Jail assaulted him on July 8, 2018.[12] Letizia alleges that he was rushed to a local emergency room where he required surgery on his left eye after the assault, which resulted in a broken nose, two swollen

---

[11]Plaintiff's MDS, Docket Entry No. 8-9.

[12]Complaint, Docket Entry No. 1, p. 5.

black eyes, and a broken left eye socket that has resulted in permanently blurred vision.[13] Construing Letizia's pro se pleadings liberally, he claims that Sheriff Gonzalez is liable for failing to protect him from assault by another detainee at the Jail.

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement.[14] See Brumfield v. Hollins, 551 F.3d 322, 327 (5th Cir. 2008) (citing Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment. See Hare, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including . . . protection from harm, during their confinement."). To state a claim in this context a plaintiff is required to establish that the defendant "'acted or failed to act with deliberate indifference to [his] needs.'" Shepherd v. Dallas County, 591 F.3d 445, 452 (5th Cir. 2009) (quoting Hare, 74 F.3d at 648); see also Alderson, 848 F.3d at 419-20 (explaining that in an action based on "episodic

---

[13]Plaintiff's MDS, Docket Entry No. 8, p. 11.

[14]The court assumes that Letizia is a pretrial detainee, although it is not clear due to his status as an out-of-state fugitive who has been convicted of offenses in Florida. Because the legal standard is the same, his status as a pretrial detainee or a convicted felon does not make a difference in this case.

acts or omissions," a pretrial detainee must show "subjective deliberate indifference by the defendants") (citation omitted).

The deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Mere negligent failure to protect an inmate from attack does not justify liability under § 1983. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). An official acts with deliberate indifference "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). Letizia, who has described the assault with detail, does not allege facts showing that Sheriff Gonzalez or any other official at the Jail knew that he faced a substantial risk of serious harm from the inmate who attacked him son the day in question.

Letizia states that the inmate who assaulted him on July 8, 2018, was known as "Africa" because he was facing deportation.[15] Letizia was with a group of inmates in a day room at the Jail when Africa told Letizia to give him his bottle of water.[16] When Letizia refused, Africa threatened him with bodily harm.[17] At the same time another inmate named John Dorian became involved in a fight with

---

[15]Plaintiff's MDS, Docket Entry No. 8, p. 10.

[16]Id.

[17]Id.

another unidentified inmate in the day room.[18] Detention officers arrived and removed Dorian and his attacker from the day room.[19] When another detention officer (Officer Burton) was removing Dorian's personal property from the day room, Letizia overheard Africa comment that "snitches get their 'ass kicked[']" after Letizia advised Officer Burton that Dorian might need his asthma inhaler.[20] Officer Burton heard the remark and told Africa to "lay down and be quiet" or he would also be removed and placed in "single man cell confinement."[21] Letizia, who alleges that Africa attacked him one hour later, indicates that he did not receive any other threats from Africa until several days after the assault occurred, when Africa threatened him with more harm if he told anyone what happened.[22]

Letizia does not allege that Sheriff Gonzalez was present at the Jail that day or that he had knowledge of any threat that was made against Letizia before the altercation with Africa took place. Letizia does not allege facts showing that he told any officer or official that he had been threatened before the assault occurred. Letizia does not otherwise allege or show that officials were subjectively aware of but disregarded a serious risk to his safety

---

[18] Id.

[19] Id.

[20] Plaintiff's MDS, Docket Entry No. 8, p. 13.

[21] Id.

[22] Id.

before Letizia was attacked in the day room. Under these circumstances Letizia does not demonstrate that Sheriff Gonzalez or officials at the Jail failed to protect him from harm with the requisite deliberate indifference. Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 filed by Richard Vincent Letizia (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 21st day of May, 2019.

```
                              SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```